GINA TAYLOR, Pro Se
TAMARA CANNON, Pro Se
1141 West 50th Street
Los Angeles, California 90037
Telephone: (661)874-9833
Fax: (714) 459-7853
Email: Jepe1@yahoo.com

UNITED stateS DISTRICT COURT

CENTRAL DISTRICT of CALIFORNIA – western division

| | |
|---|---|
| GINA TAYLOR AND TAMARA CANNON,<br>Plaintiff s,<br>v.<br><br>WACHOVIA MORTGAGE, FSB; THE BANK OF NEW YORK AS TRUSTEE FOR SECURITIZED TRUST WORLD SAVINGS BANK MORTGAGE PASS-THROUGH CERTIFICATES REMIC 35 TRUST; WACHOVIA MORTGAGE, FSB; DEPOSITOR (TBD); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, AKA "MERS", WELLS FARGO MORTGAGE, NDEX AND DOES 1 THROUGH 100, INCLUSIVE,<br>Defendants. | Case No: CV14-0101-DDP (JCGx)<br><br>Honorable Dean D. Pregerson<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND**<br><br>Date:   February 24, 2014<br>Time: 10:00a.m.<br>Courtroom: 3- 2nd floor |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that on February 24, 2014 at 10:00a.m. or as soon thereafter as the matter may be heard in Courtroom 3 – 2nd floor of the above entitled Court, located at Western Division United States Courthouse, 312 North Spring Street, Los Angeles, CA 90012-4701. Plaintiffs, GINA TAYLOR AND TAMARA CANNON will move the Court for an Order to Remand this case to the Superior court of California for the County of Los Angeles.

I.   **Summary of Facts**

Plaintiffs were forced to file a lawsuit against Defendants in the state court because they were left without any remedy but to file a claim and to enjoin Defendants from foreclosing their property.

Plaintiffs have suffered financial hardship and Plaintiffs' income was directly affected by the economic recession; thereby Plaintiffs were forced to apply for a loan modification with their lender WELLS A/K/A as WACHOVIA.

Plaintiffs submitted a loan modification to WELLS, however, they were given the run around and almost lost their property if not for the TRO filed and granted in the Los Angeles Superior court. Thirty days later Defendant moved his case to the District court which made it very hard for him as civilian without very much knowledge of the civil procedure in the state court let alone the Federal court.

On or about January 6, 2013, after the thirty-day time limit for removal had elapse, Defendant WELLS filed a Notice of removal to the District Court for its basis of diversity of citizenship. Plaintiff moves this court to remand this action back to State

court based on lack of Federal subject matter jurisdiction, WELLS principal place of business and citizenship is California and comity of the state court to a pro se litigant.

On or about December 4, 2013, Plaintiffs filed their complaint in Los Angeles County Superior Court, Case No. BC528577.

Defendants removed Plaintiffs' action in the District court under the grounds of complete diversity, Federal question and amount of controversy which purportedly exceeded $75,000.00. Contrary to Defendants' ground for removal, Plaintiffs being Pro Se litigants intend to amend their complaint and to strike causes of action that will trigger issues arising under Federal question. At the very outset, Plaintiffs made some corrections which were meant to be an "amendment" but instead they filed a First Amended Complaint. However, Plaintiffs' intention is to file a Motion for leave to amend their complaint so that they can present a more coherent and comprehensive complaint to the Court.

Notably, the Court granted such leniency, or "liberal construction," to pro se pleadings against the backdrop of *Conley v. Gibson's* undemanding "no set of fact" standard. The Court's failure to explain how pro se pleadings are to be liberally construed indicates its belief that the standard was already lenient enough to render a detailed articulation of the practice unnecessary to prevent premature dismissal of meritorious cases.

## II. Removal

### (a) The Limited Jurisdiction of Federal Courts.

Removal jurisdiction is governed by statute. 28 U.S.C. §§1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Indeed, it is settled in the Ninth Circuit that there is "***a strong presumption against removal jurisdiction.***" *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) and "federal jurisdiction must be rejected if there is ***any doubt*** as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) (emphasis added).

Against this backdrop, the removing party, WELLS FARGO BANK, N.A. ("WELLS") always has the burden of proving removal was proper, and courts resolve any doubts as to removability in favor of remand. *Gaus*, 980 F.2d at 566. Federal courts have subject matter jurisdiction where a question of federal law is involved or where there is a "complete" diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

In a removed action, a district court is required to remand a case to State court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994).

Under 28 U.S.C. § 1332, complete diversity "does not exist unless each defendant is a citizen of a different state from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978) (emphasis in original).

### (b) Plaintiff's Proposed Second Amended Complaint Contains Causes of Action Arising Entirely under State Law

Plaintiffs' proposed second complaint **(see exhibit 1)** asserts causes of action which all arose entirely under state law. There are no causes of action or issues specified in the complaint which arise under the Constitution, laws, or treaties of the United States. In fact, the complaint is devoid of any mention of any provisions of the Constitution, laws or treaties of the United States. Therefore since on the face of the complaint, there is no federal question, the Court lacks subject matter jurisdiction over this action. *Rivet v. Regions Bank*, 522 U.S. at 476.

### (c) Plaintiffs Claims do not exceed $75,000.00.

Plaintiffs are suing for damages that are related to loan modification and Defendants' failure of a good faith review of Plaintiffs' loan modification application under the California Homeowners Bill of Rights. It is Plaintiffs desire to keep their home which was the basis of their claim against Defendants. Plaintiffs wants to stay and keep their home despite its depreciated value over the last few years. Therefore, it is premature for Defendants to assume that the amount of controversy can be determined from seeking wrongful foreclosure or declaratory relief in the amount of Plaintiffs' loan.

In addition, Defendants failed to show the prerequisite for removal to federal

jurisdiction, failure to do so - the district court is required to remand a case to State court. Also, if, at any time before final judgment, it determines that it lacks subject matter jurisdiction, court is required to remand this case to State court. 28 U.S.C. § 1447(c). <u>Unlike personal or territorial jurisdiction, lack of subject matter jurisdiction cannot be waived</u>.

### (d) A National Banking Association's State of Citizenship Also Includes Its Principal Place of Business.

The citizenship of a national banking association is governed by 28 U.S.C. § 1348, which makes national banking associations citizens of the states in which they are "located." The Fifth and Seventh Circuits have determined that the term "located" under § 1348 includes both the state of the banking association's principal place of business, as well as the state listed in its organization certificate. *Horton v. Bank One, N.A.*, 378 F.3d 426, 436 (5th Cir. 2004) *and Firstar Bank. N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001). Specifically, the Fifth Circuit in *Horton* held:

> We Construe section 1348 in light of Congress's intent to maintain jurisdictional parity between national banks on the one hand and state banks and corporations on the other. We hold that the definition of "located" is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association. This result in a national bank's having access to federal courts by diversity jurisdiction to the same extent as a similarly situated state bank or corporation.

*Horton*, 378 F.3d at 436.

In 2003, the Second Circuit in *World Trade Center Prop., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 161 (2d Cir. 2003), held that a national bank is deemed to be a

citizen of every state in which it has offices. Thus, there was a conflict amongst the circuits—the Fifth and Seventh on the one hand, and the Second on the other.

The Supreme Court's decision in *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) helped to resolve some of the conflict amongst the Circuits by holding that a national bank is not "located" in—and thus, is not a citizen of—every state in which it has a branch. Rather, the section's reference to "located" simply means that place referenced in the organization certificate. *Schmidt*, however, was a limited holding. It determines whether a national banking association is also a citizen in the state in which it has its principal place of business.

Thus, the rule as its stands is that a national banking association, like a corporation, may be a citizen of two states. In *King v Union Planters Bank, N.A.* 2006 U.S. Dist. LEXIS 61086 (S.D.Miss. 2006), the District Court applied both *Horton* and *Schmidt* to render such a decision:

> In the instant case, defendant Union Planters is a national banking association chartered by the United States of America, with its main office and principal place of business in Memphis, Tennessee. Plaintiff herein is a citizen of the State of Mississippi. Therefore, applying the Fifth Circuit holding in *Horton* and the Supreme Court's holding in *Schmidt*, this court finds that the adverse parties in the above-styled and numbered civil action are diverse in citizenship.

*King* 2006 U.S. Dist. LEXIS 61086 at *8. And so the law is clear: *Schmidt* does not in any way undermine the rationale or rule articulated by the Fifth and Second Circuits in *Horton* and *Firstar*. A national banking association can have dual citizenship according to both its principal place of business, as well as its organization certificate listing.

"<u>The rule from *American Surety* is clear</u>: 'the States in which they (national banking associations) are respectively located are those states in which their principal places of business are maintained." *Rouse v. Wachovia Mortgage FSB*, 2012 WL 174206, *8 (C. D. Cal. 2012) (quoting *American Surety*, 133 F.2d at 162). "[B]ecause it is clear that *American Surety* focused on the jurisdictional issue and made a deliberate decision to resolve it, the principal place of business test is binding precedent for this Court [and] [t]he Court thus declines Wells Fargo's invitation to ignore the Ninth Circuit's holding." Id at *11; *see also Firstar*, 253 F. 3d at 989 ("To be sure, *American Surety* and other cases of vintage were not decided yesterday. Nevertheless, *stare decisis* counsels that we follow their reasoning unless [the defendant] can, in fact, demonstrate that subsequent statutory changes or judicial decisions have rendered them infirm.").

  (e)  **Wells Fargo's Principal Place of Business is in California.**

  Wells Fargo is a citizen of South Dakota. Its main office listed on its organization certificate is specified as being in South Dakota. However, Wells Fargo is also a citizen of California. <u>**Wells Fargo's corporate headquarter is located in San Francisco, California**</u>. Notably, Well Fargo's California citizenship is a thing to which it has readily admitted in previous court cases. *See e.g., Jojola v. Wells Fargo Bank, N.A.* 1973 U.S. Dist. LEXIS 15609; *Wells Fargo Bank, N.A. v. Siegel* (2005) 2005 U.S. Dist. LEXIS 34138. *See also Miles v. Wells Fargo Bank* (complaint filed on July 31, 2006, N.D.Cal. wherein Wells Fargo admits "its principal place of business is in San Francisco.")

  Plaintiffs are residents of California and their home which is the subject matter of

the claim is located within the state. Given that WELLS is also a citizen of California, there is a lack of diversity of citizenship between parties upon which to erect federal jurisdiction, thus Plaintiffs' case should be immediately remanded to state court.

### III.   CONCLUSION

For all the forgoing reasons, Plaintiff respectfully requests that this Court remand this action back to Los Angeles County Superior Court.

DATED: January 14, 2014

GINA TAYLOR,
Plaintiff PRO SE

DATED: January 14, 2014

TAMARA CANNON,
Plaintiff PRO SE

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 38634 Erika Lane, Palmdale, CA 93551

On   January 14, 2014, I served the following document described **NOTICE OF MOTION AND MOTION FOR REMAND** on all interested parties in this action by placing [ ] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

       **Dean A. Reeves, Esq.**
       **ANGLIN, FLEWELLING, RASMUSSEN ET AL.**
       **199 South Los Robles Avenue, Suite 600**
       **Pasadena, CA 91101**
       **Tel: (626) 535-1900 Fax: (626) 577-7764**

[ X ]   (BY FACSIMILE)  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transaction.

[ X ]   (BY MAIL, 1013a, 2015.5 C.C.P.)

[ ]     I deposited such envelope in the mail at Fountain Valley, California.  The envelope was mailed with postage thereon fully prepaid.

[ X ]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Fountain Valley, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY PERSONAL SERVICE) I caused the foregoing envelope to be delivered by hand to the offices of the addressee.

[ X ]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on  January 14, 2014 in Fountain Valley, California.

                                                                      JOSEPH EDWARDS